# Exhibit 1

E-FILED
6/2/2025 3:56 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV467398
Reviewed By: S. Rodriguez

Josh I. Keane (Bar No. 190110)
David S. Blau (Bar No. 166825)
BLAU | KEANE LAW GROUP, P.C.
128 Center Street
El Segundo, California 90245
(310) 410-1900 phone - (310) 410-1901 fax
josh@blaulaw.net

Attorneys for Plaintiff
Clear Blue Insurance Company

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

## UNLIMITED CIVIL

| | |
|---|---|
| CLEAR BLUE INSURANCE COMPANY, a Texas corporation,<br><br>     Plaintiff,<br><br>          v.<br><br>CAPITOL SPECIALTY INSURANCE COMPANY, a Wisconsin corporation; FINNCO SERVICES, INC., a California Corporation; JUSTIN PLEASANTS, an individual; ROGELIO CENTENO VILCHIS, an individual; PAULA TRINIDAD VILCHIS, an individual; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No.: 25CV467398<br><br>**COMPLAINT FOR:**<br><br>**1. Declaratory Relief (Defense);**<br>**2. Declaratory Relief (Indemnity);**<br>**3. Reimbursement.**<br><br>**JURY DEMAND** |

Plaintiff Clear Blue Insurance Company, a North Carolina corporation (hereinafter referred to as "Plaintiff" or "CBIC") alleges as follows:

///

///

- 1 -
COMPLAINT

**THE PARTIES**

1. CBIC is a Texas corporation authorized to do business in the State of California, with its principal place of business located in Texas.

2. CBIC is informed and believes and based thereon alleges that Defendant CAPITOL SPECIALTY INSURANCE COMPANY ("Cap Specialty") is a Wisconsin corporation with its principal place of business located in Wisconsin.

3. CBIC is informed and believes and based thereon alleges that Defendant FINNCO SERVICES, INC. ("Finnco") is a California corporation, having its principal place of business in the State of California.

4. CBIC is informed and believes, and thereon alleges, that Defendant JUSTIN PLEASANTS ("Pleasants") is, and at all relevant times herein mentioned, availed himself to the jurisdiction of the County of Santa Clara, California

5. CBIC is informed and believes, and thereon alleges, that Defendant ROGELIO CENTENO VILCHIS is, and at all relevant times herein mentioned, was a resident of the County of Santa Clara, California.

6. CBIC is informed and believes, and thereon alleges, that Defendant PAULA TRINIDAD VILCHIS is, and at all relevant times herein mentioned, was a resident of the County of Santa Clara, California.  Defendants ROGELIO CENTENO VILCHIS and PAULA TRINIDAD VILCHIS shall collectively be referred to herein as the "Underlying Plaintiffs."

7. The true names and capacities of defendants sued in this Complaint as Does 1 through 50, inclusive, are unknown to CBIC at this time.  Therefore, CBIC sues each such defendant by such fictitious names under Section 474 of the California Code of Civil Procedure.  CBIC will amend this Complaint to allege the true names and capacities of these DOE defendants when ascertained.  CBIC is informed and believes, and on that basis alleges, that each of the DOE defendants named herein is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

///

///

## JURISDICTION AND VENUE

8. The forum of the action is proper, inter alia, pursuant to California Code of Civil Procedure, including section 395.5, as the liability at issue in this matter arises in connection with the events and happenings in the County of Santa Clara.

## GENERAL ALLEGATIONS

9. This matter arises from a civil complaint filed on October 12, 2023, by the Underlying Plaintiffs against Finnco, Pleasants, and Michael Roberts Construction, Inc. ("MRC"). The suit was filed by the Underlying Plaintiffs in the Santa Clara County Superior Court, styled *Rogelio Centero Vilchis, et al. v. Finnco Services, Inc.., et al.,* Case Number *23CV424275* (the "Underlying Action").

10. In the Underlying Action, the Underlying Plaintiffs assert causes of action for negligence, premises liability, and loss of consortium stemming from alleged bodily injuries sustained by Rogelio Vilchis on November 9, 2022, while performing plumbing work on behalf of his employer JR Pierce at the subject construction site known as the "Lawrence Station Building A" located at 3580 La Rambla Avenue in Santa Clara, California (the "Subject Project"). The Underlying Plaintiffs claim that Rogelio Vilchis sustained injuries when the crane operated by Pleasants, within the course and scope of employment for Finnco, dropped a load of lumber onto Mr. Vilchis' head and body during construction. As a result, Mr. Vilchis alleges serious injuries. The Underlying Plaintiffs assert that Finnco, Pleasants, and MRC collectively were responsible for the design, construction, operation, maintenance, and/or repair of the crane and other equipment, safely loading, rigging, securing, lifting, and moving the load of lumber, and maintaining a safe work area at the construction site (collectively, the "Underlying Incident").

11. CBIC is informed and believes, and based thereon alleges on or about December 17, 2021, Finnco entered into a "Trade Contractor Agreement Subcontract Agreement" (the "Agreement") with MRC to provide crane and hoisting services in connection with the Subject Project that is intended to comprise a seven-story, mixed-use apartment complex in Santa Clara. The contract price is $910,667.00.

12. Section 10 of the Agreement sets forth that general liability and excess coverage for on-site operations shall be covered by an Owner Controlled Insurance Program policy ("OCIP"), and that all subcontractors are required to be enrolled.

13. Defendant Cap Specialty issued the OCIP for the Subject Project, Policy Number CT20210472-01, effective from December 30, 2021, through June 30, 2025 (the Cap Specialty Policy").

14. Following entering into the Agreement, a total of $18,671.73 was deducted from Finnco's contract for enrollment under the Cap Specialty Policy. Wrap Up Solution, the wrap administrator acting within the agency or authority of Cap Specialty, provided a matrix identifying Finnco's enrollment as an insured in the OCIP. MRC also provided an invoice to Finnco regarding premium deductions. In addition, a Certificate of Insurance ("COI") was issued further confirming Finnco's enrollment and insured status under the Cap Specialty Policy.

15. Plaintiff is informed and believes, and thereon alleges, that Finnco maintained insured status and was enrolled under the Cap Specialty Policy during the time of the Underlying Incident.

16. Upon receiving notice of the Underlying Incident and/or Underlying Action, Finnco and CBIC timely notified Cap Specialty and sought a defense and indemnity of both Finnco and Pleasants under the Cap Specialty Policy. Agents and representatives of Finnco and CBIC provided Cap Specialty the aforementioned documents confirming Finnco's enrollment under the Cap Specialty Policy.

17. On or about April 4, 2024, Cap Specialty issued correspondence to Finnco denying coverage for the Underlying Action on the basis that Finnco and Pleasants were not enrolled in the Cap Specialty Policy. Cap Specialty maintained a no-coverage position despite the fact that substantial evidence established Finnco's enrollment and insured status.

18. CBIC issued a commercial general liability policy to Finnco, Policy Number AW03-RS-2200158-01 to Finnco, effective from March 1, 2022, through March 1, 2023 (the "CBIC Policy"). Pleasants qualifies as an insured to the extent Pleasants acted within the course and scope of his employment with Finnco regarding the Underlying Incident.

19. Made part of the CBIC Policy is the "EXCLUSION – DESIGNATED OPERATIONS COVERED BY A CONTROLLED (WRAP-UP) INSURANCE PROGRAM" ("OCIP Exclusion"). The OCIP Exclusion applies to bar coverage when Finnco and/or its employees are enrolled in an OCIP.

20. After receiving notice of the Underlying Action, CBIC initially declined coverage to Finnco and Pleasants due to the OCIP Exclusion under the CBIC Policy. However, after receiving notice from Cap Specialty that Cap Specialty would not defend Finnco or Pleasants, CBIC agreed to defend Finnco and Pleasants, subject to reservations of rights, and has appointed defense counsel.

21. CBIC has incurred and continues to incur significant defense expenses, despite the fact that Cap Specialty is obligated to defend and indemnify Finnco and Pleasants in connection with the Underlying Action.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF RE: DEFENSE

### (Against All Defendants and DOES 1 through 50)

22. CBIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

23. Under California Code of Civil Procedure section 1060 § *et seq*., the court may declare rights, status, and other legal relations whether or not further relief is or could be claimed.

24. CBIC has sustained substantial pecuniary loss in connection with the defense of Finnco and Pleasants in connection with the Underlying Action.

25. An actual, present, and justiciable controversy has arisen and now exists between CBIC, on the one hand, and Finnco, Pleasants, and Cap Specialty, on the other, concerning CBIC and Cap Specialty's respective rights, duties, and obligations in connection sums paid and possibly to be paid in connection with the defense and settlement (indemnity) of the Underlying Action, namely that CBIC contends that pursuant to the terms of the CBIC Policy (which pertinent terms include the OCIP Exclusion), that there is no coverage actually afforded in connection with the Underlying Action. CBIC contends that it does not have an obligation to defend Finnco or Pleasants in connection with the Underlying Action and cannot have any obligation to indemnity (e.g., fund any settlement or pay any part of any judgment) for Finnco and/or Pleasants in connection with the Underlying Action, and Finnco and/or Pleasants and Cap Specialty disagree.

26. CBIC requests that this court declare that CBIC has no duty to defend Finnco and/or Pleasants or any other party in connection with the Underlying Action under the terms, conditions, and exclusions of the CBIC Policy.

27. A judicial declaration is appropriate at this time in order that CBIC may ascertain its rights and duties under the CBIC Policy, if any, in connection with the Underlying Action, so that the other parties involved in the Underlying Action (which are also Defendants in this action) may have such determination and be bound by the same. CBIC has no other adequate or speedy remedy at law, and a multiplicity of actions will be avoided if this Court determines said rights and obligations pursuant to this action and this request for declaratory judgment.

28. By reason of the foregoing, a judicial determination of the parties' respective duties under their policies in connection with the Underlying Actions is both necessary and proper.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF RE: INDEMNITY

### (Against All Defendants and DOES 1 through 50)

29. CBIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

30. An actual, present, and justiciable controversy has arisen and now exists between CBIC, on the one hand, and Cap Specialty, Finnco and/or Pleasants, on the other, in that CBIC contends that it has no duty to indemnity Finnco and/or Pleasants or any other party in connection with the Underlying Action under the CBIC Policy, and Cap Specialty, Finnco and/or Pleasants contend otherwise.

31. CBIC requests that this court declare that CBIC has no duty to indemnify Finnco and/or Pleasants or any other party in connection with the Underlying Action under the terms, conditions, and exclusions of the CBIC Policy.

32. A judicial declaration is appropriate at this time in order that CBIC may ascertain its rights and duties under the CBIC Policy, if any, in connection with the Underlying Action, and so that the other parties involved in the Underlying Action (which are also Defendants in this action) may have such determination and be bound by the same. CBIC has no other adequate or speedy remedy at law,

and a multiplicity of actions will be avoided if this Court determines said rights and obligations pursuant to this action and this request for declaratory judgment.

33. By reason of the foregoing, a judicial determination of the parties' respective duties under their policies in connection with the Underlying Actions is both necessary and proper.

### THIRD CAUSE OF ACTION
### REIMBURSEMENT
### (Against Finnco and Pleasants)

34. CBIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

35. CBIC accepted the defense of Finnco and/or Pleasants in connection with the Underlying Action and appointed counsel for Finnco and/or Pleasants, subject to reservation of all of CBIC's rights, including the right to seek reimbursement for fees and costs incurred in connection with the defense or indemnity of non-covered claims, pursuant to *Buss v Superior Court*, 16. Cal4th 35 (1997).

36. As CBIC does not have a duty to defend or indemnity Finnco and/or Pleasants or any other party under the CBIC Policy in connection with the Underlying Action, CBIC is entitled to reimbursement for all fees, costs, and other expenses incurred in connection therewith.

### FOURTH CAUSE OF ACTION
### EQUITABLE INDEMNITY RE: DEFENSE EXPENSE
### (As Against Cap Specialty and DOES 1 through 50)

37. CBIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

38. As set forth with more particularity above, CBIC paid for defense expenses pursuant to policies issued to Finnco with regard to the Underlying Actions subject to CBIC's full and complete reservation of rights.

39. Although Cap Specialty was obligated to pay for the defense expense paid by CBIC, upon information and belief Cap Specialty failed to do so based on its wrongful position that there is no coverage or duty to provide a defense to Finnco or Pleasants in the Underlying Action based, for instance, on the assertion that Finnco and/or Pleasants do not qualify as insureds or were not enrolled under the Cap Specialty Policy.

40. CBIC is, therefore, entitled to equitable indemnification from Cap Specialty for reimbursement of defense payments made in the Underlying Action pursuant to the CBIC Policy.

## FIFTH CAUSE OF ACTION

## EQUITABLE CONTRIBUTION RE: DEFENSE EXPENSE

**(As Against Cap Specialty and DOES 1 through 50)**

41. CBIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

42. As set forth with more particularity above, CBIC paid for defense expenses for Finnco and Pleasants pursuant to the CBIC Policy with regard to the Underlying Actions subject to CBIC's full and complete reservation of rights.

43. Although Cap Specialty was and is obligated to pay the defense expense paid by CBIC, Cap Specialty failed to do so based on its wrongful position that there is no coverage or duty to provide a defense to Finnco or Pleasants in the Underlying Action based, for instance, on the assertion that Finnco and/or Pleasants do not qualify as insureds or were not enrolled under the Cap Specialty Policy.

44. The doctrine of equitable contribution permits CBIC to seek reimbursement from Cap Specialty for equitably allocated shares of expense paid by CBIC in the Underlying Actions pursuant to CBIC Policy.

45. Therefore, CBIC is entitled to equitable contribution from Cap Specialty.

///

///

///

## SIXTH CAUSE OF ACTION

## SUBROGATION RE: DEFENSE EXPENSE

### (As Against Cap Specialty and DOES 1 through 50)

46. CBIC incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

47. As set forth with more particularity above, CBIC has paid for defense expenses pursuant to the CBIC Policy subject to CBIC's full and complete reservation of rights.

48. Although Cap Specialty was and is obligated to pay for the defense expenses of Finnco and Pleasants, upon information and belief Cap Specialty failed to do so based on its wrongful position that there is no coverage or duty to provide a defense to Finnco or Pleasants in the Underlying Action based, for instance, on the assertion that Finnco and/or Pleasants do not qualify as insureds or were not enrolled under the Cap Specialty Policy.

49. The doctrine of equitable subrogation permits CBIC to seek reimbursement from Cap Specialty for monies CBIC paid for defense expenses which are sums certain pursuant to CBIC Policy.

50. Therefore, CBIC is entitled to equitable subrogation from Cap Specialty.

## PRAYER FOR RELIEF

WHEREFORE, CBIC prays for judgment against the Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. For a declaration that CBIC is not required to provide a defense to Finnco, Pleasants, or any other party in the Underlying Action under the CBIC Policy;

2. For an award of costs; and

3. For such other and further relief as the court may deem just and proper.

///

///

///

## ON THE SECOND CAUSE OF ACTION

1. For a declaration that CBIC is not required to indemnify Finnco, Pleasants, or any other party in the Underlying Action under the CBIC Policy;

2. For an award of costs; and

3. For such other and further relief as the court may deem just and proper.

## ON THE THIRD CAUSE OF ACTION

1. For reimbursement from Finnco or Pleasants for fees, costs, and other expenses incurred by CBIC in connection with the defense or indemnity of Finnco, Pleasants, or any other party in connection with the Underlying Action;

2. For an award of costs; and

3. For such other and further relief as the court may deem just and proper.

## ON THE FOURTH CAUSE OF ACTION

1. For equitable indemnity from Cap Specialty for fees, costs, and other expenses incurred by CBIC in connection with the defense or indemnity of Finnco and Pleasants in connection with the Underlying Action;

2. For an award of costs; and

3. For such other and further relief as the court may deem just and proper.

## ON THE FIFTH CAUSE OF ACTION

1. For equitable contribution from Cap Specialty for fees, costs, and other expenses incurred by CBIC in connection with the defense or indemnity of Finnc and Pleasants in connection with the Underlying Action;

2. For an award of costs; and

3. For such other and further relief as the court may deem just and proper.

///

**ON THE SIXTH CAUSE OF ACTION**

1. For subrogation as to Cap Specialty for fees, costs, and other expenses incurred by CBIC in connection with the defense or indemnity of Finnco and Pleasants in connection with the Underlying Action;

2. For an award of costs; and

3. For such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues.

Respectfully Submitted:

Dated:  May 29, 2025

BLAU | KEANE LAW GROUP, P.C.

By: _____
JOSH KEANE
DAVID S. BLAU
Attorneys for Plaintiff
CLEAR BLUE INSURANCE COMPANY

# VERIFICATION

I have read the foregoing Complaint and know its contents. I am legal counsel for CLEAR BLUE INSURANCE COMPANY, a party to this action. I am authorized to make this verification for and on behalf of CLEAR BLUE INSURANCE COMPANY and make this verification for that reason. The matters stated in the foregoing Complaint are true to my own knowledge, except as to the matters which are therein stated upon information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Los Angeles, California this 30th day of May, 2025.

By: _____
JOSH KEANE